**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Hoyt and James Gabriel,    ) | No. CV 11-02184-PHX-FJM |
|                                    ) | |
| Plaintiffs,                        ) | **ORDER** |
|                                    ) | |
| vs.                                ) | |
|                                    ) | |
| Aerus Holdings et al.,             ) | |
|                                    ) | |
| Defendants.                        ) | |
|                                    ) | |

We have before us defendants' motion to dismiss or transfer (doc. 12), plaintiffs' response (doc. 14), and defendants' reply (doc. 15). According to the notice of removal (doc. 1), the only remaining defendants in this action are Michael and Nata Jackson. The motion to dismiss or transfer seeks dismissal of Nata Jackson based on lack of personal jurisdiction, or transfer of this case to Tennessee. (Doc. 12 at 9).

Defendant Michael Jackson signed a Settlement Agreement and Mutual Release with the plaintiffs on June 18, 2007. Section 8 of this contract provides that the federal and state courts in Maricopa County, Arizona are the exclusive venue for all legal actions regarding the agreement and other agreements executed pursuant to it. (Doc. 14, ex. 1 § 8). The parties later entered into an amended settlement agreement and Michael signed a personal guaranty on February 15, 2008. (Doc. 12, ex. 2). There was no signature line for his wife Nata and her signature does not appear on the document. Plaintiffs claim that Michael's guaranty was for the benefit of the marital community and therefore Nata is properly joined in order to

1  reach community property. No independent claim is asserted against Nata. Nata has no
2  contacts with Arizona.

3    A.R.S. § 25-214(C)(2) provides that "[e]ither spouse separately may acquire, manage,
4  control or dispose of community property, or bind the community, except that joinder of both
5  spouses is required in any of the following cases: . . . [a]ny transaction of guaranty,
6  indemnity or suretyship." The Arizona Court of Appeals has interpreted this provision "to
7  mean that the community is not bound by any guaranty that is not signed by both spouses,
8  even though the guaranty was for a business that benefitted the marital community." <u>Vance-</u>
9  <u>Koepnick v. Koepnick</u>, 197 Ariz. 162, 163, 3 P.3d 1082, 1083 (Ct. App. 1999).

10   If the language of a statute is plain, we need look no further to interpret its meaning.
11  "Our first step in interpreting a statute is to determine whether the language at issue has a
12  plain and unambiguous meaning with regard to the particular dispute in the case. Our inquiry
13  must cease if the statutory language is unambiguous and 'the statutory scheme is coherent and
14  consistent.'" <u>Robinson v. Shell Oil Co.</u>, 519 U.S. 337, 340, 117 S. Ct. 843, 846 (1997). The
15  plain meaning of A.R.S. § 25-214(C)(2) is that a guaranty does not bind the marital
16  community unless it is signed by both spouses. <u>See</u> <u>FDIC v. Gannett</u>, No. CV10-02726-
17  PHX-JAT, 2011 WL 2728455, at *2 (D. Ariz. July 13, 2011) ("The plain meaning of § 25-
18  214(C) is that both spouses must sign a guaranty in order to bind the community under
19  Arizona law."). Both spouses did not sign the guaranty here. As a result, the marital
20  community is not bound by Michael Jackson's signature, even if Nata Jackson and the marital
21  community were benefitted. Because no other basis for personal jurisdiction is asserted, **IT**
22  **IS ORDERED GRANTING** defendants' motion to dismiss Nata Jackson as a defendant
23  (doc. 12).

24   DATED this 22nd day of March, 2012.

25

26   _Frederick J. Martone_
27   Frederick J. Martone
     United States District Judge
28

- 2 -