**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Hoyt; James Gabriel, | No. CV 11-02184-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Michael J. Jackson, | |
| Defendant. | |

Plaintiffs filed a motion for leave to amend complaint on July 13, 2012 (doc. 46). They seek to assert additional claims against the only remaining defendant, Michael J. Jackson. They also seek to add defendant's wife, Nata Jackson, as a defendant. On July 26, 2012, Michael filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Tennessee. The court stayed all claims against him on August 1, 2012 (doc. 55). No response to the motion for leave to amend complaint was filed.

Plaintiffs first filed this action in November 2009 in the Superior Court of Arizona in Maricopa County. Defendants removed to the United States Bankruptcy Court for the District of Arizona in December 2010. All claims against defendants other than the Jacksons were transferred to the Bankruptcy Court in Tennessee on March 10, 2011, and plaintiffs' remaining claims based on a personal guaranty signed by Michael were remanded. Plaintiffs then added Nata as a defendant, she removed, and this court dismissed her for lack of personal jurisdiction (doc. 17). Plaintiffs filed this motion for leave to amend on July 13,

2012, the deadline for amending the complaint set by the court's Rule 16 scheduling order (doc. 37).

The plaintiffs' 76-page proposed fourth amended complaint confusingly lists 40 causes of action against 8 defendants besides the Jacksons, despite the fact that plaintiffs state in their motion that they seek only to add Nata as a defendant. The court may properly dismiss a complaint that is "prolix" and "largely irrelevant." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). The proposed complaint is unworkable and fails to meet the standards of Rule 8(a), Fed. R. Civ. P.

In addition, claims cannot be added against Michael as a result of the bankruptcy stay, which prohibits the "continuation" of a judicial action against a debtor "that was or could have been commenced before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(1).

**IT IS ORDERED DENYING** plaintiffs' motion for leave to amend complaint (doc. 46).

DATED this 23rd day of August, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 2 -